# Exhibit A

35-2026-CA-000760-AXXX-01

Filing # 245092389 E-Filed 04/01/2026 02:44:09 PM

**IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA**

**DANIEL HARRIS,**

       **Plaintiff,**

**v.**                                         **Case No.**

**U.S. SMALL BUSINESS
ADMINISTRATION**                   **DEMAND FOR JURY TRIAL**
**and TRANS UNION LLC,**

       **Defendants.**
_____/

## PLAINTIFF's COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT

**COMES NOW**, Plaintiff, **DANIEL HARRIS** ("Mr. Harris" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint against the **U.S. SMALL BUSINESS ADMINISTRATION** ("Defendant SBA"), **TRANS UNION LLC** ("Defendant Trans Union") (all collectively "Defendants"), and in support thereof states as follows:

### *Introduction*

1.      This action arises out of Defendants' willful violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA"). Specifically, Defendant SBA failed to conduct a proper investigation of Mr. Harris' disputes by not reviewing all relevant information provided by the consumer reporting agencies, not directing the consumer reporting agencies to delete the inaccurate information, and willfully continuing to furnish false and inaccurate information regarding the relevant account.

2.      Defendant Trans Union, failed to maintain and follow reasonable procedures to assure maximum possible accuracy of the information reported to third parties regarding Mr.

Harris and also failed to follow the requirements set forth to handle cases of disputed accuracy when processing Mr. Harris' disputes of the relevant account.

3. Defendant's actions have directly and proximately caused Mr. Harris' credit score to decrease significantly and damaged Mr. Harris' ability to obtain new credit due to Defendants' furnishing and reporting of inaccurate information in his consumer credit report.

### *Jurisdiction and Venue*

4. This is an action for damages that exceeds Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs, and attorney's fees.

5. Jurisdiction is proper in the State of Florida where the Defendants conduct business in the State of Florida.

6. Jurisdiction of this Court also arises where Defendants' tortious activity under the FCRA occurred in the State of Florida.

7. Venue is proper in Lake County, Florida, where this tortious cause of action accrued in Lake County.

8. Venue is proper in Lake County, Florida, where this tortious cause of action accrued in Lake County.

9. Venue is also proper in Lake County, Florida as a substantial part of the events or omissions giving rise to the claims occurred in this County.

### *Parties*

10. Plaintiff, Mr. Harris, was and is a natural person and, at all times material hereto, is an adult, a resident of Lake County, Florida, and a "consumer" and a "consumer" as defined by 15 U.S.C. §1681a (c).

11.     At all times material hereto, Defendant SBA was and is a business located at 409 3rd St., SW, Washington, DC 20416.

12.     At all times material hereto, consumer reporting agency, Defendant Trans Union, was and is a company with its principal place of business in the state of IL and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

### *Statements of Fact*

13.     Mr.  Harris opened an account and obtained a loan from Defendant SBA that was assigned a unique account number under Mr. Harris' name ("Account").

14.     Sometime thereafter, Mr. Harris encountered financial difficulties and fell behind on his payments towards the Account, incurring an alleged outstanding balance owed thereunder ("Debt").

15.     On or around October 2, 2023, Mr. Harris filed a Chapter 7 bankruptcy petition ("Petition"), in the U.S. Bankruptcy Court In and For the Middle District of Florida, which was assigned case number: 6:23-bk-04110 ("Bankruptcy Case"). *See* **Exhibit "A."**

16.     Mr. Harris identified Defendant SBA as a creditor in his Petition.  *See* **Exhibit "A."**

17.     Mr. Harris identified the Account in his Petition as well, with an outstanding alleged balance owed of $22,211.00. *See* **Exhibit "A."**

18.     A few months later, on or around December 29, 2023, the Bankruptcy Noticing Center sent Defendant SBA electronic notice that the Court had entered the Discharge Order in Mr. Harris' Bankruptcy Case. *See* **Exhibit "B."**

19.     Accordingly, as of December 29, 2023, Mr. Harris' personal obligation to pay the Account was discharged by the Bankruptcy Case Discharge Order.

20. As of December 29, 2023, Mr. Harris no longer personally owed a debt to Defendant SBA.

21. As of December 29, 2023, the Account should have shown a $0 balance on any credit disclosures related to Mr. Harris.

22. Nearly two years later, on or around October 2, 2025, Mr. Harris checked his Trans Union credit report.

23. Mr. Harris was shocked to see that the Account was reporting a past due balance of $22,211.00 in a "charged off" status.

24. Accordingly, on or around October 17, 2025, Mr. Harris sent a dispute letter to Defendant Trans Union regarding the improper reporting of the Account as delinquent with a $22,211.00 balance owed in "charged off" status when the Account had been included in his Chapter 7 bankruptcy case. *See* **Exhibit "C."**

25. Mr. Harris attached a copy of the disputed item from his Trans Union credit report, the relevant page of the Bankruptcy Case Petition, the Bankruptcy Case Discharge Order, and a copy of his driver's license. *See* **Exhibit "C."**

26. Mr. Harris' dispute to Defendant Trans Union provided all relevant information regarding Mr. Harris and the Account.

27. The relevant information contained in the disputes included Mr. Harris' full contact information, personal information, a clear description of the Account in the consumer credit reports that Mr. Harris was disputing, a request that the credit bureaus reinvestigate and correct the inaccuracy, an explanation of why Mr. Harris was disputing the inaccuracy, and an identification of the Account by the unique account number. *See* **Exhibit "C."**

28. Under information and belief, the Defendant Trans Union provided all relevant information and a notice of the dispute to Defendant SBA shortly after its receipt of the same.

29. Under information and belief, Defendant SBA failed to conduct a reasonable investigation of Mr. Harris' disputes and continued to incorrectly report to the consumer reporting agencies that Mr. Harris had delinquent payment history and an outstanding past-due balance owed on the Account when such Account had previously been satisfied.

30. On or around November 11, 2025, Defendant Trans Union confirmed in a letter to Mr. Harris that it refused to correct the improper credit reporting of the Account in response to Mr. Harris' dispute. *See* **Exhibit "D."**

31. Under information and belief, Defendant Trans Union failed and refused, and continues to fail and refuse, to conduct a proper and reasonable investigation of Mr. Harris' dispute regarding the Account and to correct the inaccuracies from Mr. Harris' consumer report.

32. Defendant Trans Union provided and continues to provide Mr. Harris' consumer report containing erroneous information to third parties, who then use such reports to make creditworthiness determinations about him.

33. Defendant Trans Union has actual knowledge of the inaccuracies as reported on the Account identified by Mr. Harris' Trans Union, dispute letter.

34. As a direct and proximate result of Defendants' actions or inactions regarding the Account, Mr. Harris' credit score has dropped significantly.

35. Accordingly, Mr. Harris' current credit standing with legitimate creditors has been adversely affected by Defendant Trans Union's continued inaccurate reporting of the Account.

36.     As a direct and proximate result of Mr. Harris' credit score dropping significantly due to Defendant Trans Union's improper credit reporting of the Account, Mr. Harris' applications for credit have been denied.

### Count 1 – Negligent Noncompliance with FCRA
### (as against Furnisher, Defendant SBA)

37.     Plaintiff re-alleges paragraphs 1-36 and incorporates the same herein by reference.

38.     Defendant negligently failed to comply with the requirements of the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b).

39.     Defendant is a "user" and "furnisher" of credit information as discussed in the Fair Credit Reporting Act, 15 U.S.C. §§1681-1681x.

40.     The FCRA's requirements apply to "person[s]" who, like Defendant SBA here, furnish information to consumer agencies. +

41.     Section 1681s-2(b), 1681n, and 1681o create a cause of action for money damages to consumers injured by "[a]ny person" who willfully or negligently fails to comply with the statute's directive.

42.     Section 1681a provides a definition of "person" that includes "any . . . governmental . . . agency," pursuant to Section 1681a(b), and that applies to the entire Act.

43.     Mr. Harris notified Defendant Credit Reporting Agencies in writing of the dispute regarding the Account and included all relevant information.

44.     Under information and belief, Defendant received notice of the dispute from Defendant Credit Reporting Agencies.

45.     After being informed by Defendant Credit Reporting Agencies that Mr. Harris disputed the accuracy of the information it was providing, Defendant negligently failed to conduct

a proper investigation of Mr. Harris' dispute pertaining to the Account filed with Defendant Credit Reporting Agencies, as required by 15 U.S.C. §1681S-2(b)(A).

46.    Defendant negligently failed to review all relevant information allegedly provided from Defendant Credit Reporting Agencies to Defendant in conducting its investigation, as required by 15 U.S.C. §1681S-2(b)(B).

47.    Defendant negligently failed to direct such consumer reporting agencies to delete the inaccurate information about Mr. Harris pertaining to the Account, as required by 15 U.S.C. §1681S-2(b)(C).

48.    Mr. Harris has a private right of action to assert claims against Defendant arising under 15 U.S.C. §1681S-2(b).

49.    Defendant continue to fail in supplying accurate and truthful information in regards to the Account as it pertains to Mr. Harris.

50.    Rather, Defendant continues to report false and inaccurate information and failed to retract, delete, and suppress false and inaccurate information it reported about Mr. Harris.

51.    As a direct and proximate result of Defendant SBA's failure to comply with the requirements of the FCRA, Mr. Harris has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

52.    Defendant SBA's improper and false credit reporting has harmed Mr. Harris by damaging Mr. Harris' reputation for credit worthiness.

53.    Defendant SBA's improper and false credit reporting has harmed Mr. Harris by directly and proximately resulted in the denial of at least one of Mr. Harris' applications for credit.

54.    Defendant SBA's improper and false credit reporting has harmed Mr. Harris by invading Mr. Harris' privacy.

55.    Defendant SBA's improper and false credit reporting has harmed Mr. Harris by causing Mr. Harris emotional distress.

56.    Defendant SBA's improper and false credit reporting has harmed Mr. Harris by causing Mr. Harris to lose sleep.

57.    Defendant SBA's improper and false credit reporting has harmed Mr. Harris by causing Mr. Harris embarrassment.

58.    Defendant SBA's improper and false credit reporting has harmed Mr. Harris by causing Mr. Harris stress.

59.    Defendant SBA's improper and false credit reporting has harmed Mr. Harris by causing Mr. Harris anxiety.

60.    Defendant SBA's improper and false credit reporting has harmed Mr. Harris by causing Mr. Harris aggravation.

61.    Defendant SBA's improper and false credit reporting has harmed Mr. Harris by being an annoyance.

62.    Defendant SBA's improper and false credit reporting has harmed Mr. Harris by harming Mr. Harris' reputation.

63.    It has been necessary for Mr. Harris to retain the undersigned counsel to prosecute the instant action, for which Mr. Harris is obligated to pay a reasonable attorney's fee.

64.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Defendant SBA as follows:

    a.  Injunctive relief requiring Defendant to correct the inaccuracies regarding the Account and furnish these corrections to Trans Union, Equifax, and Experian;

b.  Awarding actual damages;

c.  Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681o(a); and

d.  Any other and further relief as this Court deems equitable.

## *Count 2 – Willful Noncompliance with FCRA*
### *(as against Furnisher, Defendant SBA)*

65.  Plaintiff re-alleges paragraphs 1-36 and incorporates the same herein by reference.

66.  Defendant willfully failed to comply with the requirements of the Fair Credit Reporting Act, 15 U.S.C. §1681S-2(b).

67.  Defendant is a "user" and "furnisher" of credit information as discussed in the Fair Credit Reporting Act, 15 U.S.C. §§1681-1681x.

68.  The FCRA's requirements apply to "person[s]" who, like Defendant SBA here, furnish information to consumer agencies. +

69.  Section 1681s-2(b), 1681n, and 1681o create a cause of action for money damages to consumers injured by "[a]ny person" who willfully or negligently fails to comply with the statute's directive.

70.  Section 1681a provides a definition of "person" that includes "any . . . governmental . . . agency," pursuant to Section 1681a(b), and that applies to the entire Act.

71.  Mr. Harris notified Defendant Credit Reporting Agencies in writing of the dispute regarding the Account and included all relevant information.

72.  Under information and belief, Defendant received notice of the dispute from Defendant Credit Reporting Agencies.

73.  After being informed by Defendant Credit Reporting Agencies that Mr. Harris disputed the accuracy of the information it was providing, Defendant willfully failed to conduct a

proper investigation of Mr. Harris' dispute pertaining to the Account filed with Defendant Credit Reporting Agencies, as required by 15 U.S.C. §1681S-2(b)(A).

74.    Defendant willfully failed to review all relevant information allegedly provided from Defendant Credit Reporting Agencies to Defendant in conducting its investigation, as required by 15 U.S.C. §1681S-2(b)(B).

75.    Defendant willfully failed to direct such consumer reporting agencies to delete the inaccurate information about Mr. Harris pertaining to the Account, as required by 15 U.S.C. §1681S-2(b)(C).

76.    Mr. Harris has a private right of action to assert claims against Defendant arising under 15 U.S.C. §1681S-2(b).

77.    Defendant continue to fail in supplying accurate and truthful information in regards to the Account as it pertains to Mr. Harris.

78.    Rather, Defendant continues to report false and inaccurate information and failed to retract, delete, and suppress false and inaccurate information it reported about Mr. Harris.

79.    As a direct and proximate result of Defendant SBA's failure to comply with the requirements of the FCRA, Mr. Harris has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

80.    Defendant SBA's improper and false credit reporting has harmed Mr. Harris by damaging Mr. Harris' reputation for credit worthiness.

81.    Defendant SBA's improper and false credit reporting has harmed Mr. Harris by directly and proximately resulted in the denial of at least one of Mr. Harris' applications for credit.

82.    Defendant SBA's improper and false credit reporting has harmed Mr. Harris by invading Mr. Harris' privacy.

83.     Defendant SBA's improper and false credit reporting has harmed Mr. Harris by causing Mr. Harris emotional distress.

84.     Defendant SBA's improper and false credit reporting has harmed Mr. Harris by causing Mr. Harris to lose sleep.

85.     Defendant SBA's improper and false credit reporting has harmed Mr. Harris by causing Mr. Harris embarrassment.

86.     Defendant SBA's improper and false credit reporting has harmed Mr. Harris by causing Mr. Harris stress.

87.     Defendant SBA's improper and false credit reporting has harmed Mr. Harris by causing Mr. Harris anxiety.

88.     Defendant SBA's improper and false credit reporting has harmed Mr. Harris by causing Mr. Harris aggravation.

89.     Defendant SBA's improper and false credit reporting has harmed Mr. Harris by being an annoyance.

90.     Defendant SBA's improper and false credit reporting has harmed Mr. Harris by harming Mr. Harris reputation.

91.     It has been necessary for Mr. Harris to retain the undersigned counsel to prosecute the instant action, for which Mr. Harris is obligated to pay a reasonable attorney's fee.

92.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Defendant SBA as follows:

   a.  Injunctive relief requiring Defendant to correct the inaccuracies regarding the Account and furnish these corrections to Trans Union, Equifax, and Experian;

b. Awarding statutory damages;

c. Awarding actual damages;

d. Awarding punitive damages;

e. Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a); and

f. Any other and further relief as this Court deems equitable.

### Count 3 – Negligent Noncompliance with FCRA
### (as against Defendant Trans Union)

93. Plaintiff re-alleges paragraphs 1-36 and incorporates the same herein by reference.

94. Trans Union is a "consumer reporting agency" as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

95. Trans Union prepared, issued, assembled, transferred, and otherwise reproduced "consumer reports" regarding Plaintiff, as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(d).

96. Such reports contained information about the Account that was false, misleading, and inaccurate.

97. Trans Union negligently failed to comply with the requirements of the FCRA. Trans Union's violations include, but are not limited to, the following:

a. Trans Union failed to comply with the FCRA, 15 U.S.C. §1681e(b) by negligently failing to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Harris;

b. Trans Union failed to comply with the FCRA, 15 U.S.C. §1681i by failing to follow the requirements set forth to handle cases of disputed accuracy.

98.    As a direct and proximate result of Trans Union's failure to comply with the requirements of the FCRA, Mr. Harris has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

99.    Trans Union's improper and false credit reporting has harmed Mr. Harris by damaging his reputation for credit worthiness.

100.    Trans Union's improper and false credit reporting has harmed Mr. Harris by directly and proximately causing the denial of Mr. Harris' application for an American Express and Discover credit card.

101.    Trans Union's improper and false credit reporting has harmed Mr. Harris by causing him lost opportunity to receive credit and increased cost for credit.

102.    Trans Union's improper and false credit reporting has harmed Mr. Harris by invading his privacy.

103.    Trans Union's improper and false credit reporting has harmed Mr. Harris by causing him embarrassment.

104.    Trans Union's improper and false credit reporting has harmed Mr. Harris by causing him stress.

105.    Trans Union's improper and false credit reporting has harmed Mr. Harris by causing him aggravation.

106.    Trans Union's improper and false credit reporting has harmed Mr. Harris by harming his reputation.

107.    Trans Union's improper and false credit reporting has harmed Mr. Harris by causing him emotional distress.

108.   Trans Union's improper and false credit reporting has harmed Mr. Harris by causing him to lose sleep.

109.   Trans Union's improper and false credit reporting has harmed Mr. Harris by causing him anxiety.

110.   Trans Union's improper and false credit reporting has harmed Mr. Harris by being annoying.

111.   It has been necessary for Mr. Harris to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

112.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Trans Union as follows:

a.   Injunctive relief requiring Trans Union to correct the inaccuracies reported on the Account from Plaintiff's credit report;

b.   Awarding actual damages;

c.   Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681o(a); and

d.   Any other and further relief as this Court deems equitable.

### *Count 4 – Willful Noncompliance with FCRA*
### *(as against Defendant Trans Union)*

113.   Plaintiff re-alleges paragraphs 1-36 and incorporates the same herein by reference.

114.   Trans Union is a "consumer reporting agency" as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

115.   Trans Union prepared, issued, assembled, transferred, and otherwise reproduced "consumer reports" regarding Plaintiff, as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(d).

116.   Such reports contained information about the Account that was false, misleading, and inaccurate.

117.   Trans Union willfully failed to comply with the requirements of the FCRA. Trans Union's violations include, but are not limited to, the following:

a.   Trans Union failed to comply with the FCRA, 15 U.S.C. §1681e(b) by willfully failing to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Harris;

b.   Trans Union failed to comply with the FCRA, 15 U.S.C. §1681i by failing to follow the requirements set forth to handle cases of disputed accuracy.

118.   As a direct and proximate result of Trans Union's failure to comply with the requirements of the FCRA, Mr. Harris has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

119.   Trans Union's improper and false credit reporting has harmed Mr. Harris by damaging his reputation for credit worthiness.

120.   Trans Union's improper and false credit reporting has harmed Mr. Harris by directly and proximately causing the denial of Mr. Harris' application for an American Express and Discover credit card.

121.   Trans Union's improper and false credit reporting has harmed Mr. Harris by causing him lost opportunity to receive credit and increased cost for credit.

122.   Trans Union's improper and false credit reporting has harmed Mr. Harris by invading his privacy.

123. Trans Union's improper and false credit reporting has harmed Mr. Harris by causing him embarrassment.

124. Trans Union's improper and false credit reporting has harmed Mr. Harris by causing him stress.

125. Trans Union's improper and false credit reporting has harmed Mr. Harris by causing him aggravation.

126. Trans Union's improper and false credit reporting has harmed Mr. Harris by harming his reputation.

127. Trans Union's improper and false credit reporting has harmed Mr. Harris by causing him emotional distress.

128. Trans Union's improper and false credit reporting has harmed Mr. Harris by causing him to lose sleep.

129. Trans Union's improper and false credit reporting has harmed Mr. Harris by causing him anxiety.

130. Trans Union's improper and false credit reporting has harmed Mr. Harris by being annoying.

131. It has been necessary for Plaintiff to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

132. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Trans Union as follows:

    a. Injunctive relief requiring Trans Union to correct the inaccuracies reported on the Account from Plaintiff's credit report;

b.  Awarding actual damages;

c.  Awarding punitive damages;

d.  Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a); and

e.  Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **DANIEL HARRIS**, demands a trial by jury on all issues so triable.

Respectfully submitted this **April 1, 2026**,

/s/ Kaelyn Diamond
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2430 Estancia Boulevard, Ste. 108
Clearwater, FL 33761
(p)  (727) 538-4188
(f)  (727) 362-4778
Counsel for Plaintiff

# EXHIBIT A

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Middle District of Florida

Case number (*If known*): _____

Chapter you are filing under:
- ☑ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

**12/22**

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Daniel<br>First name<br><br>Joseph<br>Middle name<br><br>Harris<br>Last name<br><br>_____<br>Suffix (Sr., Jr., II, III) | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name<br><br>_____<br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names and any assumed, trade names and doing business as names.<br><br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | | |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – ███████<br>OR<br>**9** xx – xx – ____ ____ ____ ____ | xxx – xx – ____ ____ ____ ____<br>OR<br>**9** xx – xx – ____ ____ ____ ____ |

| 4.8 | Us Sba | Last 4 digits of account number  1955 | | $ 22,211.00 |

Us Sba
Nonpriority Creditor's Name

U.S. Small Business Admi
Number        Street

Washington DC        20416
City        State    ZIP Code

**Who owes the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**Last 4 digits of account number**  1955

**When was the debt incurred?**  01-13-2018

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☑ Other. Specify  Collection Agency

---

| **Part 3:** | **List Others to Be Notified About a Debt That You Already Listed** |

5. **Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.**

---

| **Part 4:** | **Add the Amounts for Each Type of Unsecured Claim** |

6. **Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. § 159.**
   **Add the amounts for each type of unsecured claim.**

|  |  | Total claim |
|---|---|---|
| **Total claims from Part 1** | 6a.  **Domestic support obligations** | 6a.  $ 0.00 |
| | 6b.  **Taxes and certain other debts you owe the government** | 6b.  $ 0.00 |
| | 6c.  **Claims for death or personal injury while you were intoxicated** | 6c.  $ 0.00 |
| | 6d.  **Other.**  Add all other priority unsecured claims. Write that amount here. | 6d.  $ 0.00 |
| | 6e.  **Total.**  Add lines 6a through 6d. | 6e.  $ 0.00 |

|  |  | Total claim |
|---|---|---|
| **Total claims from Part 2** | 6f.  **Student loans** | 6f.  $ 0.00 |
| | 6g.  **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g.  $ 0.00 |
| | 6h.  **Debts to pension or profit-sharing plans, and other similar debts** | 6h.  $ 0.00 |
| | 6i.  **Other.**  Add all other nonpriority unsecured claims. Write that amount here. | 6i.  $ 82,989.73 |
| | 6j.  **Total.**  Add lines 6f through 6i. | 6j.  $ 82,989.73 |

---

Cb/Bllsfl
220 W. Schrock Roa
Westerville, OH 43081

Cns Port Svc
16355 Laguna Canyo
Irvine, CA 92618

Credence Resource Mana
17000 Dallas Pkwy Ste 20
Dallas, TX 75248

Freedom Mtg
951 W Yamato Rd, Suite 175
Boca Raton, FL 33431

Insightcu
206 E Hillcrest St
Orlando, FL 32801

On Deck Capital Inc
C/o Zwicker & Associates PC
10751 Deerwood Park, Suite 100
Jacksonville, FL 32256

Syncb/Yama
C/O Po Box 6153
Rapid City, SD 57709

Truist
P O Box 486
Whiteville, NC 28472

Us Sba
U.S. Small Business Admi
Washington, DC 20416

# EXHIBIT B

United States Bankruptcy Court
Middle District of Florida

In re:                                                          Case No. 23-04110-GER
Daniel Joseph Harris                                            Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 113A-6                      User: admin                      Page 1 of 2
Date Rcvd: Dec 29, 2023                   Form ID: B318                    Total Noticed: 14

The following symbols are used throughout this certificate:

| Symbol | Definition |
| --- | --- |
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 31, 2023:**

| Recip ID | | Recipient Name and Address |
| --- | --- | --- |
| db | + | Daniel Joseph Harris, ███████████████████ |
| tr | + | Richard B Webber, PO Box 2907, Orlando, FL 32802-2907 |
| 30572382 | + | Insightcu, 206 E Hillcrest St, Orlando, FL 32801-1212 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
| --- | --- | --- | --- | --- |
| 30572378 | + | EDI: WFNNB.COM | Dec 30 2023 02:28:00 | Cb/Bllsfl, 220 W. Schrock Roa, Westerville, OH 43081-2873 |
| 30572379 | + | Email/Text: bankruptcy@consumerportfolio.com | Dec 29 2023 21:40:00 | Cns Port Svc, 16355 Laguna Canyo, Irvine, CA 92618-3801 |
| 30572380 | + | Email/Text: bankruptcy@credencerm.com | Dec 29 2023 21:41:00 | Credence Resource Mana, 17000 Dallas Pkwy Ste 20, Dallas, TX 75248-1940 |
| 30572388 | | EDI: FLDEPREV.COM | Dec 30 2023 02:28:00 | Florida Department of Revenue, Bankruptcy Unit, Post Office Box 6668, Tallahassee FL 32314-6668 |
| 30572381 | ^ | MEBN | Dec 29 2023 21:33:33 | Freedom Mtg, 951 W Yamato Rd, Suite 175, Boca Raton, FL 33431-4444 |
| 30572389 | | EDI: IRS.COM | Dec 30 2023 02:28:00 | Internal Revenue Service, Post Office Box 7346, Philadelphia PA 19101-7346 |
| 30572387 | + | Email/Text: Bankruptcy@laketax.com | Dec 29 2023 21:39:00 | Lake County Tax Collector, Post Office Box 327, Tavares FL 32778-0327 |
| 30572383 | + | Email/Text: bkfilings@zwickerpc.com | Dec 29 2023 21:41:00 | On Deck Capital Inc, C/o Zwicker & Associates PC, 10751 Deerwood Park, Suite 100, Jacksonville, FL 32256-4835 |
| 30572384 | | EDI: SYNC | Dec 30 2023 02:28:00 | Syncb/Yama, C/O Po Box 6153, Rapid City, SD 57709 |
| 30572385 | + | Email/Text: bankruptcy@bbandt.com | Dec 29 2023 21:40:00 | Truist, P O Box 486, Whiteville, NC 28472-0486 |
| 30572386 | + | Email/Text: bankruptcynotices@sba.gov | Dec 29 2023 21:40:00 | Us Sba, U.S. Small Business Admi, Washington, DC 20416-0001 |

TOTAL: 11

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

District/off: 113A-6                          User: admin                              Page 2 of 2
Date Rcvd: Dec 29, 2023                       Form ID: B318                        Total Noticed: 14

**Recip ID    Bypass Reason  Name and Address**
30573671      ##+            Dynamic Coatings & Finishes LLC, 3035 NE 37th Place, Wildwood FL 34785-7808

TOTAL: 0 Undeliverable, 0 Duplicate, 1 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 31, 2023                          Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 28, 2023 at the address(es) listed below:

**Name                        Email Address**

Jonathan Swinson
                             on behalf of Debtor Daniel Joseph Harris bankruptcy@attorneydebtfighters.com
                             bankruptcy@attorneydebtfighters.com;11504@notices.nextchapterbk.com

Richard B Webber
                             F001@ecfcbis.com  r.lee2023@aol.com;rwebber@zkslaw.com

United States Trustee - ORL7/13
                             USTP.Region21.OR.ECF@usdoj.gov

TOTAL: 3

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Daniel Joseph Harris** | Social Security number or ITIN   xxx–xx ████ |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | Middle District of Florida | |
| Case number: | 6:23–bk–04110–GER | |

## Order of Discharge

12/15

---

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Daniel Joseph Harris

-

Dated: December 28, 2023

Grace E. Robson
United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

For more information, see page 2 >

Official Form 318    Order of Discharge    page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

♦ debts that are domestic support
obligations;

♦ debts for most student loans;

♦ debts for most taxes;

♦ debts that the bankruptcy court has
decided or will decide are not discharged
in this bankruptcy case;

♦ debts for most fines, penalties,
forfeitures, or criminal restitution
obligations;

♦ some debts which the debtors did not
properly list;

♦ debts for certain types of loans owed to
pension, profit sharing, stock bonus, or
retirement plans; and

♦ debts for death or personal injury caused
by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation
agreement are not discharged.

In addition, this discharge does not stop
creditors from collecting from anyone else who is
also liable on the debt, such as an insurance
company or a person who cosigned or
guaranteed a loan.

> **This information is only a general summary
> of the bankruptcy discharge; some
> exceptions exist. Because the law is
> complicated, you should consult an
> attorney to determine the exact effect of the
> discharge in this case.**

# EXHIBIT C

Daniel Harris



October 7, 2025

Trans Union, LLC
Consumer Dispute Center
P.O. Box 2000
Chester, PA 19022-2000
*Sent via Certified Mail*

Re:    **Disputed Item on my Credit Report**

To Whom It May Concern:

This letter is intended to dispute the recent delinquencies reported on the Small Business Administration account as indicated on my credit report and includes all relevant information pertaining to that account. The relevant partial account number is ████**** but this dispute applies to the account even if the account number changes.

My Social Security Number is 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. I am married to Tricia Harris. I currently work at Elevation, which is my business, located in Lady Lake, FL.

Please see my attached Trans Union credit report, where I have circled the disputed item. My account is improperly reported because I filed Chapter 7 bankruptcy on 10/23/2023. The Small Business Administration debt was included in my bankruptcy. The balance owed is still reporting when it should not be and the status should be included in bankruptcy. There is improper reporting of my Small Business Administration account from 10/23/2023 through current. I dispute the improper reporting on the Small Business Administration account as indicated in this letter and identified in my attached Trans Union credit report.

I have enclosed my Chapter 7 Bankruptcy Petition and discharge as proof that debt was included in my bankruptcy. I request that you delete or correct the disputed information. Thank you for your attention to this matter.

Regards,

Daniel Harris

Enc. Trans Union Credit Report; Bankruptcy Petition, and Driver's License

SMALL BUSINESS ADMIN ████****

**Account Information**

| | |
|---|---|
| **Address** | 1441 L ST, NW, MAIL CODE 7400, WASHINGTON, DC 20416-0001 |
| **Phone** | Phone number not available |
| **Date Opened** | 01/13/2018 |
| **Responsibility** | Joint Account |
| **Account Type** | Installment Account |
| **Loan Type** | GOVERNMENT |
| **Balance** | $22,211 |
| **Date Updated** | 11/11/2022 |
| **Payment Received** | $0 |
| **Last Payment Made** | 02/21/2020 |
| **High Balance** | $80,000 |
| **Past Due** | $22,211 |
| **Pay Status** | Charge off< |
| **Terms** | Monthly for 180 months |
| **Date Closed** | 11/11/2022 |
| **Estimated month and year this item will be removed** | 03/2029 |
| **Remarks** | UNPAID BALANCE CHARGED OFF |

### Payment History

| October 2022 |
|---|
| Rating |
| **C/O** |

| 4.8 | Us Sba | | Last 4 digits of account number  1955 | | $ 22,211.00 |
|---|---|---|---|---|---|

**Nonpriority Creditor's Name**

U.S. Small Business Admi

Number     Street

Washington DC     20416

City     State     ZIP Code

**Who owes the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**When was the debt incurred?** 01-13-2018

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☑ Other. Specify  Collection Agency

---

| **Part 3:** | **List Others to Be Notified About a Debt That You Already Listed** |
|---|---|

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

---

| **Part 4:** | **Add the Amounts for Each Type of Unsecured Claim** |
|---|---|

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. § 159.
Add the amounts for each type of unsecured claim.

**Total claim**

**Total claims from Part 1**

| | | Total claim |
|---|---|---|
| 6a. | Domestic support obligations | 6a. $ 0.00 |
| 6b. | Taxes and certain other debts you owe the government | 6b. $ 0.00 |
| 6c. | Claims for death or personal injury while you were intoxicated | 6c. $ 0.00 |
| 6d. | Other. Add all other priority unsecured claims. Write that amount here. | 6d. $ 0.00 |
| 6e. | Total. Add lines 6a through 6d. | 6e. $ 0.00 |

**Total claims from Part 2**

| | | Total claim |
|---|---|---|
| 6f. | Student loans | 6f. $ 0.00 |
| 6g. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. $ 0.00 |
| 6h. | Debts to pension or profit-sharing plans, and other similar debts | 6h. $ 0.00 |
| 6i. | Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. $ 82,989.73 |
| 6j. | Total. Add lines 6f through 6i. | 6j. $ 82,989.73 |

---

United States Bankruptcy Court
Middle District of Florida

In re:                                                                    Case No. 23-04110-GER
Daniel Joseph Harris                                                      Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

| District/off: 113A-6 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Dec 29, 2023 | Form ID: B318 | Total Noticed: 14 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 31, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Daniel Joseph Harris, |
| tr | + | Richard B Webber, PO Box 2907, Orlando, FL 32802-2907 |
| 30572382 | + | Insightcu, 206 E Hillcrest St, Orlando, FL 32801-1212 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 30572378 | + | EDI: WFNNB.COM | Dec 30 2023 02:28:00 | Cb/Bllsfl, 220 W. Schrock Roa, Westerville, OH 43081-2873 |
| 30572379 | + | Email/Text: bankruptcy@consumerportfolio.com | Dec 29 2023 21:40:00 | Cns Port Svc, 16355 Laguna Canyo, Irvine, CA 92618-3801 |
| 30572380 | + | Email/Text: bankruptcy@credencerm.com | Dec 29 2023 21:41:00 | Credence Resource Mana, 17000 Dallas Pkwy Ste 20, Dallas, TX 75248-1940 |
| 30572388 | | EDI: FLDEPREV.COM | Dec 30 2023 02:28:00 | Florida Department of Revenue, Bankruptcy Unit, Post Office Box 6668, Tallahassee FL 32314-6668 |
| 30572381 | ^ | MEBN | Dec 29 2023 21:33:33 | Freedom Mtg, 951 W Yamato Rd, Suite 175, Boca Raton, FL 33431-4444 |
| 30572389 | | EDI: IRS.COM | Dec 30 2023 02:28:00 | Internal Revenue Service, Post Office Box 7346, Philadelphia PA 19101-7346 |
| 30572387 | + | Email/Text: Bankruptcy@laketax.com | Dec 29 2023 21:39:00 | Lake County Tax Collector, Post Office Box 327, Tavares FL 32778-0327 |
| 30572383 | + | Email/Text: bkfilings@zwickerpc.com | Dec 29 2023 21:41:00 | On Deck Capital Inc, C/o Zwicker & Associates PC, 10751 Deerwood Park, Suite 100, Jacksonville, FL 32256-4835 |
| 30572384 | | EDI: SYNC | Dec 30 2023 02:28:00 | Syncb/Yama, C/O Po Box 6153, Rapid City, SD 57709 |
| 30572385 | + | Email/Text: bankruptcy@bbandt.com | Dec 29 2023 21:40:00 | Truist, P O Box 486, Whiteville, NC 28472-0486 |
| 30572386 | + | Email/Text: bankruptcynotices@sba.gov | Dec 29 2023 21:40:00 | Us Sba, U.S. Small Business Admi, Washington, DC 20416-0001 |

TOTAL: 11

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| District/off: 113A-6 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Dec 29, 2023 | Form ID: B318 | Total Noticed: 14 |

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 30573671 | ##+ | Dynamic Coatings & Finishes LLC, 3035 NE 37th Place, Wildwood FL 34785-7808 |

TOTAL: 0 Undeliverable, 0 Duplicate, 1 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 31, 2023 Signature: /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 28, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Jonathan Swinson | on behalf of Debtor Daniel Joseph Harris bankruptcy@attorneydebtfighters.com bankruptcy@attorneydebtfighters.com;11504@notices.nextchapterbk.com |
| Richard B Webber | F001@ecfcbis.com  r.lee2023@aol.com;rwebber@zkslaw.com |
| United States Trustee - ORL7/13 | USTP.Region21.OR.ECF@usdoj.gov |

TOTAL: 3

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Daniel Joseph Harris** | Social Security number or ITIN   xxx–x ▮▮▮▮ |
| | First Name    Middle Name    Last Name | EIN  _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN  _ _ _ _ <br> EIN  _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court | Middle District of Florida | |
| Case number:  6:23–bk–04110–GER | | |

## Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Daniel Joseph Harris

_Grace E Robson_

-

Dated: December 28, 2023

Grace E. Robson
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                          Order of Discharge                          page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for most taxes;

- ♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- ♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- ♦ some debts which the debtors did not properly list;

- ♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- ♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

---

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

---



# EXHIBIT D

## A Note on Credit Report Updates

Information in your credit report is updated frequently which means items you disputed may not appear on your credit report or have already changed by the time we received your dispute. In most cases, the **Date Updated** represents the last time the account information was updated or reported by the data furnisher. Please note that this date may not change following our investigation of your dispute. For **Payment Received** and **Last Payment Made**, please keep in mind, the data may not represent very recent payment activity.

If information was removed or updated as a result of your dispute, the "Your Investigation Results" section below will note that an update was made. An update can include a change to the information or the removal of the information entirely from your credit file. For example, if a field was removed as a result of your dispute, the description will indicate that a change was made to that field. If information was removed, it will no longer appear in the account details.

## Definitions

For your reference, here are some definitions to help you understand **Your Investigation Results.**

### For ACCOUNTS:

| | |
|---|---|
| **Balance:** The balance owed as of the date the account was verified or reported | **Original Charge Off:** If applicable, the amount charged off due to non-payment of the account |
| **Credit Limit:** The maximum amount of credit approved by the creditor on the account | **Past Due:** The amount past due as of the date the account was verified or reported |
| **Date Opened:** The date the account was Opened | **Pay Status:** The current status of the account; how you are currently paying. For accounts that have been paid and closed, sold, or transferred, it represents the last reported status of the account. |
| **High Balance:** The highest amount ever owed on an account | **Remarks:** If applicable, the creditor may provide additional information here related to the account |
| **Last Payment Made:** The date the creditor received the last payment on the account | **Responsibility:** The type of contractual ownership (individual, joint, authorized user, etc.) of the account |
| **Maximum Delinquency:** If applicable, the maximum amount past due before an account becomes a charge-off or a collection account | **Terms:** The monthly payment amount or monthly minimum payment due on the account |

### For PUBLIC RECORDS:

| | |
|---|---|
| **Court Type:** The court where the item was filed | **Docket Number:** The number assigned to the item by the court |
| **Date Filed:** The date the item was filed | **Plaintiff:** The name of the party who initiated the item |
| **Date Paid:** The date the item was paid or otherwise, dismissed or discharged | **Type:** The nature of the public record filed |

### Historical Trended Data

Accounts on your credit report may include historical account information, which TransUnion has collected from account updates provided by your creditor for up to 30 months. On your credit report, this historical trended data may have appeared in a grid below each account along with information reflecting the timeliness of your payments and may include the following data: Date Updated, Balance, Amount Due, Amount Paid, Past Due, Credit Limit, High Balance and Remarks.

Please note: Once an account is disputed, the historical trended data is removed from your credit file and will not be displayed on these results. However, the rating information reflecting the timeliness of your payments will remain and reflect any updates provided by the creditor, if applicable.

## Rating Key

Your accounts may also include up to 84 months of rating information. Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors.  This rating key will help you understand any updates to your **PAYMENT HISTORY**, if applicable to **YOUR INVESTIGATION RESULTS**. Any rating that is shaded or any value in the account detail appearing with brackets (> <) may indicate that it is considered adverse.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

Case 5:26-cv-00509-JSM-PRL    Document 1-1    Filed 07/16/26    Page 41 of 44 PageID 45

# TransUnion Credit Score

DANIEL J. HARRIS



**YOUR CREDIT SCORE**

| Your Score & Grade | Score & Grade Range | Where You Rank |
|---|---|---|
| Score<br>**Not Purchased**<br>(See Below)<br><br>Grade<br>-<br><br>Created on<br>11/11/2025 | Unavailable<br>(See Below)<br><br>A — 850<br>— 780<br>B<br>— 720<br>C<br>— 660<br>D<br>— 600<br>F<br>— 300 | Unavailable<br>(See Below)<br><br>— 100%<br><br>— 50%<br><br>— 0% |
| Based on your TransUnion credit report, this is a depiction of your creditworthiness. | The numerical score ranges from 850 to 300 equaling grade ranges from A to F. | Your credit ranks higher than --% of the nation's population. |

## About your TransUnion Credit Score

TransUnion is now including some Buy Now, Pay Later (BNPL) installment loans, also known as 'point-of-sale installment loans,' on credit reports. At this time, BNPL information provided to TransUnion is visible to you, but scoring providers, lenders, insurers or other authorized companies that may access your credit report will not be able to use this data. As a result, it will not affect credit decisions or credit scores calculated using TransUnion data. In the future, Buy Now, Pay Later data may be factored into credit scores and credit decisions (for example, account opening or account review decisions). If you have questions please visit https://www.transunion.com/buy-now-pay-later to learn more.

## Summary

You did not order a TransUnion credit score. You can purchase your credit score for $9.95 by calling 1-866-SCORE-TU or 1-866-726-7388.

Case 5:26-cv-00509-JSM-PRL    Document 1-1    Filed 07/16/26    Page 41 of 44 PageID 45

# Your Investigation Results

**INVESTIGATION RESULTS - VERIFIED AS ACCURATE and NO CHANGE NEEDED:** The disputed item(s) was verified as accurate. No changes were made to the item(s) based on your dispute.

**SMALL BUSINESS ADMIN #** ███ *** ( 1441 L ST NW, MAIL CODE 5460, WASHINGTON, DC 20416-0001, Phone number not available )

We investigated the information you disputed and the disputed information was VERIFIED AS ACCURATE. We determined that no change needed to be made to this item. Here is how this item appears on your credit report following our investigation.

| | | | | | | |
|---|---|---|---|---|---|---|
| Date Opened: | 01/13/2018 | Balance: | $22,211 | Pay Status: | >Charged Off< |
| Responsibility: | Joint Account | Date Updated: | 11/11/2022 | Terms: | Monthly for 180 months |
| Account Type: | Installment Account | Payment Received: | 02/21/2020 ($0) | Date Closed: | 11/11/2022 |
| Loan Type: | GOVERNMENT MISC | Last Payment Made: | 02/21/2020 | | |
| | | High Balance: | $80,000 | | |
| | | Original Charge-off: | $22,211 | | |
| | | Past Due: | >$22,211< | | |

Remarks: >UNPAID BALANCE CHARGED OFF<

Estimated month and year that this item will be removed: 03/2029

| | 10/2022 |
|---|---|
| Rating | C/O |



Case 5:26-cv-00509-JSM-PRL    Document 1-1    Filed 07/16/26    Page 43 of 44 PageID 47



**INFORMATION UPDATED:  In response to your request, a change was made to this item(s).**

**ADDRESS INFORMATION:** This section of your report was updated as follows:

| Address | Date Reported | Address | Date Reported |
|---|---|---|---|
| ██████████ | 01/05/2004 | ██████████ | 07/31/2021 |
| | 05/31/2017 | | 08/31/2016 |
| | 10/30/2010 | | 05/31/2007 |
| | 05/04/2009 | | 03/31/2007 |
| | 09/04/2008 | | 01/04/2004 |
| | 11/30/2013 | | 11/11/2022 |

Case 5:26-cv-00509-JSM-PRL   Document 1-1   Filed 07/16/26   Page 44 of 44 PageID 48

In the preceding pages we have provided details on the results of our investigation. **If our investigation has not resolved your dispute, here's what you can do next:**

- **Add a 100-word statement to your report.** What this means is that you have the right to send us a note of 100 words or less describing your situation or why you disagree with the results, and we will add this statement to your report. Anyone who views your report will see this statement. Please know that if you include any medical information in your statement, this means you're giving TransUnion permission to include that information in any future credit report we issue on your behalf.
- **Dispute directly with the company that reported the information to us.** If you want changes made to information found on your credit report you may dispute with the company that reported it using the contact information listed in **Your Investigation Results.**
- **Provide to us any other information or documents about your dispute.** Please visit www.transunion.com/dispute and let us know you are filing a repeat dispute. Be sure to include any other information or documentation you feel will help us resolve your dispute.
- **File a complaint** about the company reporting the account or about TransUnion with the Consumer Financial Protection Bureau (www.consumerfinance.gov/complaint) or with your State's Attorney General's office.

If there has been a change to your credit report as a result of our investigation, or if you have added a statement to your report, **you may ask TransUnion to send an updated credit report** to those who have received your report within the last 2 years for employment purposes or within the last 6 months (or 1 year, where applicable) for any other purpose.

**A Note on Inquiries**

An inquiry is posted on your credit report to notify you that a company has requested your report. Companies can only request a credit report for a legitimate business reason (called permissible purpose). Examples of permissible purpose include: credit transactions, employment consideration, review or collection of an existing account or other legitimate business need, insurance underwriting, government licensing, rental application or court order. Inquiries stay on your credit report for up to two (2) years. Each company that requested your credit report will be listed in the section on inquires, along with their contact information. Please note, a company doesn't always need your authorization to view your credit report as long as they have a permissible purpose. If you think an inquiry was made without a permissible purpose, we strongly encourage you to reach out to the company who requested your credit report to find out whether they have opened an account in your name. The company can then investigate and if they determine that someone fraudulently applied for credit in your name, they can close that account and send us a letter requesting removal of the inquiry. If you have specific information that the inquiry was made fraudulently, you can also call our Fraud Victim Assistance department at 800-680-7289.

## Should You Wish to Contact TransUnion

Please have your TransUnion **FILE NUMBER** available.   Your unique **FILE NUMBER** is located at the top of each page of this correspondence.

**Online:**
To dispute information contained in your credit report, please visit:  www.transunion.com/disputeonline
For more information please visit our Frequently Asked Questions page at
http://transunion.com/consumerfaqs

**By Mail:**
TransUnion
P. O. Box 2000
Chester, PA 19016-2000

**By Phone:**
(800) 916-8800
You may contact us between the hours of 8:00 AM – 11:00 PM Eastern Time, Monday through Friday, and Saturday through Sunday between the hours of 8:00 AM and 5:00PM Eastern Time, except major holidays.



MP4BM_001 E00079-I000943 004/006